UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARIA DE LA LUZ ROMERO REBOLLEDO,<br><br>    Petitioner,<br><br>    v.<br><br>CHESTNUT et al.,<br><br>    Respondents. | No. 1:25-cv-01904-WBS-CKD<br><br>ORDER RE: PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

----oo0oo----

Before the court is petitioner Maria De La Luz Romero Rebolledo's motion for a temporary restraining order. Petitioner asks the court to order her immediate release from custody on the grounds that her detention violates the procedural and substantive protections conferred by the Due Process Clause. (See Docket No. 3.)

It is undisputed that petitioner entered the United States, unlawfully and without inspection, on March 4, 2019, and was detained by immigration officials. (Docket No. 3 at 3.) She was thereafter released on parole with a notice to appear in removal proceedings. (Id.) She made an asylum application with

1

United States Customs and Immigration Services on November 25, 2024.  (Docket No. 2 at 2.)  On October 14, 2025, petitioner was re-detained.  (Docket No. 3 at 3.)  At oral argument, the government represented that petitioner had violated the conditions of her parole six times before being re-detained.

I.  Temporary Restraining Order

"The standard for a [temporary restraining order] is the same as for a preliminary injunction."  Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  Typically, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors "merge when the Government is the opposing party."  Nken v. Holder, 556 U.S. 418, 435 (2009).

Likelihood of success on the merits is "the most important factor in determining whether a preliminary injunction is warranted."  Garcia v. County of Alameda, 150 F. 4th 1224, 1230 (9th Cir. 2025) (internal citations and quotation marks omitted).  "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this extraordinary remedy."  Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation omitted).  A mere

2

possibility of success is insufficient to satisfy this factor; instead, a petitioner must demonstrate "a strong likelihood of success on the merits." Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113, 1120 (9th Cir. 2005).

Petitioner argues that even if she "does not show a likelihood of success on the merits, the Court may still grant a temporary restraining order if she raises "serious questions" as to the merits of her claims, the balance of hardships tips "sharply" in his [sic] favor, and the remaining equitable factors are satisfied." (Docket No. 3 at 6 (citing Alliance for the Wild Rockies v. Cottrell, 632 F. 3d 1127 (9th Cir. 2011).)

In Winter, the Supreme Court set forth a four-part test for determining when the grant of a preliminary injunction is warranted, abrogating the Ninth Circuit's "serious questions" test in the process. See 555 U.S. at 20. Three years later, despite the Supreme Court's admonition, the Ninth Circuit held that the "serious questions" test survived Winter. See Cottrell, 632 F. 3d at 1131-32. Just last year, the Supreme Court went back and held that, "absent a clear command from Congress, courts must adhere to the traditional four-factor test" for granting a preliminary injunction articulated in Winter. Starbucks Corp. v. McKinney, 602 U.S. 339, 346 (2024). Thus, although the Ninth Circuit has not addressed the continued viability of the "serious questions" test post-Starbucks, the Supreme Court's command is clear: because there is no "clear command from Congress" to the contrary, the "serious questions" test may not be used. See id.

Moreover, even assuming that the so-called "serious

3

Case 1:25-cv-01904-WBS-CKD   Document 7   Filed 12/18/25   Page 4 of 9

questions" test remains viable after Winter and Starbucks, it nevertheless inapplicable here, where petitioner is seeking a mandatory injunction.

"A mandatory injunction orders a responsible party to take action." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F. 3d 873, 878-79 (9th Cir. 2009) (internal citations and quotation marks omitted). It is subject to a "doubly demanding" standard and requires the moving party to "establish that the law and facts clearly favor her position, not simply that she is likely to succeed." Garcia v. Google, Inc., 796 F. 3d 733, 740 (9th Cir. 2015) (emphasis in original). "In plain terms, mandatory injunctions should not issue in doubtful cases." Id. (citation omitted).

Other judges in this circuit have found that the serious questions test is inapplicable when a petitioner seeks a mandatory injunction. See, e.g., Cruz Uitz v. Noem, No. cv-25-06420-MWF (AJRX), 2025 WL 2995008 (C.D. Cal. Sept. 23, 2025) (declining to adopt the serious questions test in immigration detention context because a mandatory injunction was requested); Jamgotchian v. Ferraro, No. 822-cv-01893 FWS KES, 2023 WL 2396352, at *3 n.3 (C.D. Cal. Feb. 7, 2023) ("The Court observes that some district courts decline to apply the 'serious questions' test in cases seeking a mandatory injunction on the basis that it is inconsistent with the heightened standard applicable to such relief.") (collecting cases), rev'd on other grounds, 93 F. 4th 1150.

Here, petitioner asks the court to order her release

4

from custody or that the government afford her a pre-deprivation bond hearing. (Docket No. 3 at 5.)  In similar circumstances, courts have acknowledged that "direct[ing] the government to affirmatively hold new hearings it would not otherwise have held" may constitute a mandatory injunction.  Hernandez v. Sessions, 872 F. 3d 976, 998-99 (9th Cir. 2017); see also Doe v. Becerra, 787 F. Supp 3d 1083, 1090 (E.D. Cal. 2025) (acknowledging uncertainty regarding whether custody release and bond hearing requests in the immigration detention context may constitute a mandatory injunction); Salazar v. Kaiser, No. 1:25-cv-01017 JLT SAB, 2025 WL 2456232, at *8 (E.D. Cal. Aug. 26, 2025) (same).

The court finds that ordering the government to either release petitioner or to provide her with a bond hearing that the government would not have otherwise provided constitutes a mandatory injunction.  Petitioner does not merely seek to "freeze[] the positions of the parties," Heckler v. Lopez, 463 U.S. 1328, 1333 (1983); rather, petitioner asks the court to compel the government to affirmatively alter the status quo by providing her with additional procedural protections.

Accordingly, the court declines to apply the "serious questions" test and therefore analyzes petitioner's motion pursuant to the test articulated in Winter, 555 U.S. at 20.

II.  Due Process[1]

---

[1]  The court observes that petitioner's procedural due process argument is substantially the same, and his substantive due process argument is identical, to those made by the petitioner in E.R.J.B. v. Wofford, et al., ECF 2, No. 1:25-cv-01843 WBS SCR (E.D. Cal.), which the court heard on the same day.  For that reason, the court reproduces due process analysis it employed in E.R.J.B. here.

5

   a.   Procedural Due Process

   Petitioner argues that her detention violates due process because she was re-arrested without being provided with "a pre-deprivation hearing before a neutral adjudicator where the government demonstrates by clear and convincing evidence that she is now a danger or a flight risk." (Docket No. 2 at 16.)

   This court has now dealt with several petitions like this one, in which it found that noncitizens present in the United States who were never legally admitted were "applicants for admission" under 8 U.S.C. § 1225(b) and thus subject to mandatory detention. See, e.g., Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025) ("The suggestion that petitioner may evade the designation of 'applicant for admission' merely because he has already entered the United States elides the fact that he was never lawfully admitted."); Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025) (same); Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (same).

   Petitioner makes no effort to distinguish her case from the nearly identical cases in which this court specifically held that noncitizens who unlawfully entered the United States and were thereafter taken into custody and released on parole, like petitioner, were "applicants for admission" subject to § 1225. See, e.g., Oliveria, 2025 WL 3525923 (finding § 1225 applied to petitioner who had been detained after entering United States); Yanyun Mo v. Chestnut, et al., No. 1:25-cv-01789 WBS CSK, 2025 WL

6

3539063, at *1 (E.D. Cal. Dec. 10, 2025) (noting that "noncitizens present in the United States who were never legally admitted [are] presumably 'applicants for admission,'" and applying § 1225.); see also Liang v. Almodovar, et al., No. 1:25-cv-09322 MKV, 2025 WL 3641512, at *5 (S.D.N.Y. Dec. 15, 2025) (finding that noncitizen who unlawfully entered United States and was thereafter apprehended at the border did not effectuate a "lawful entry" into the United States and was thus subject to § 1225).

Petitioner thus presents neither facts nor arguments that distinguish her case from any of this court's prior decisions.  Accordingly, the court again concludes that "the procedure authorized by Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due process" as far as petitioner is concerned.  Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).  And because 8 U.S.C. § 1225(b) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one.  Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

    b.    Substantive Due Process

Petitioner also argues that her detention violates substantive due process because it is arbitrary and not

7

"justified by a sufficient purpose." (Docket No. 3 at 7.) Specifically, petitioner contends that to comply with substantive due process, her detention – which she argues is civil, and accordingly nonpunitive – must be justified by a determination that she is either a danger to the community or a flight risk. (See id. (citing Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).

This a substantive due process claim in name only. Substantive due process does insulate individuals from "arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974). However, the Supreme Court's cases "dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citation modified). "[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Johnson v. Brown, 567 F. Supp. 3d 1230, 1251 (D. Or. 2021) (citing Lewis, 532 U.S. at 847 n.8). "Where, as here, circumstances afford reasonable time for deliberation before acting, we consider conduct to be conscience-shocking if it was taken with deliberate indifference toward a plaintiff's constitutional rights." Sylvia Landfield Tr. v. City of Los Angeles, 729 F.3d 1189.

This is not a case in which the facts justify a finding of arbitrary conduct on the part of ICE. The revocation of petitioner's release was not arbitrary. At oral argument, the government represented that petitioner was detained for violating

8

her parole terms six times.  Because the government has offered a reasonable justification for petitioner's detention, petitioner's detention was not so arbitrary as to violate due process.  See Lewis, 523 U.S. at 846.

In fact, petitioner is making a procedural due process argument in camouflage.  A determination of whether petitioner is dangerous or a flight risk is precisely what would result from a bond hearing, the alleged entitlement to which petitioner herself claims sounds in procedural due process.  The court is not required to consider petitioner's substantive due process argument, which simply "repackages" her procedural due process argument by employing the same legal inquiry and seeking the same remedy.  See Suarez v. Noem, No. 1:25-cv-00202 JMD, 2025 WL 3312168, at *2 (E.D. Mo. Nov. 28, 2025).

For the foregoing reasons, petitioner has failed to demonstrate a likelihood of success on the merits of her procedural and substantive due process claims.  That being the case, the court "need not consider the other [preliminary injunction] factors."  California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 3) be, and the same hereby is, DENIED.

Dated:  December 18, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9